UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

CHAMBERS OF
CHARLES D. AUSTIN
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7810
MDD_CDAChambers@mdd.uscourts.gov

March 28, 2025

LETTER TO ALL COUNSEL OF RECORD

Re:   *Stacie R. v. Leland Dudek, Acting Commissioner, Social Security Administration*[1]
      Civil No. 24-0474-CDA

Dear Counsel:

On February 19, 2024, Plaintiff Stacie R. ("Plaintiff") petitioned the Court to review the Social Security Administration's ("SSA's" or "Commissioner's" or "Defendant's") final decision to deny her claim for Social Security benefits. ECF 1. This case was then referred to me with the parties' consent. *See* 28 U.S.C. § 636; D. Md. Loc. R. 301. I have considered the record in this case (ECF 8) and the parties' filings (ECFs 11, 13, 16). I find that no hearing is necessary. *See* D. Md. Loc. R. 105.6. The Court must uphold the decision of the SSA if it is supported by substantial evidence and if the SSA employed proper legal standards. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). Accordingly, the Court will AFFIRM the SSA's decision. This letter explains why.

I.     **PROCEDURAL BACKGROUND**

On March 15, 2019, Plaintiff filed a Title II application for Disability Insurance Benefits ("DIB") and a Title XVI application for Supplemental Security Income ("SSI") benefits, alleging a disability onset date of March 1, 2019. Tr. 398-99. Plaintiff's claims were denied initially and on reconsideration. Tr. 216-21, 223-28. On October 19, 2021, an Administrative Law Judge ("ALJ") held a hearing. Tr. 91-123. Following the hearing, on December 23, 2021, the ALJ determined that Plaintiff was not disabled within the meaning of the Social Security Act[2] during the relevant time frame. Tr. 188-209. On November 1, 2022, the Appeals Council granted Plaintiff's request for review, vacated the SSA's decision, and remanded the case to an ALJ for a new hearing. Tr. 210-215. On February 23, 2023, an ALJ held a new hearing. Tr. 45-90. Following the hearing, on April 19, 2023, the ALJ determined that Plaintiff was not disabled. Tr. 15-44. Because the Appeals Council denied Plaintiff's request for review, the ALJ's decision

---

[1] Plaintiff filed this case against Martin O'Malley, the Commissioner of Social Security, on February 19, 2024. ECF 1. Leland Dudek became the Acting Commissioner of Social Security on February 16, 2025. Accordingly, Commissioner Dudek has been substituted as this case's Defendant pursuant to Federal Rule of Civil Procedure 25(d). *See* Fed. R. Civ. P. 25(d).

[2] 42 U.S.C. §§ 301 et seq.

constitutes the final, reviewable decision of the SSA. Tr. 1-6; *Sims v. Apfel*, 530 U.S. 103, 106-07 (2000); *see also* 20 C.F.R. § 422.210(a).

## II.     THE ALJ'S DECISION

Under the Social Security Act, disability is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months[.]" 42 U.S.C. § 423(d)(1)(A); 20 C.F.R. §§ 404.1505(a), 416.905(a). The ALJ must evaluate a claimant's disability determination using a five-step sequential evaluation process. *See* 20 C.F.R. §§ 404.1520, 416.920. "Under this process, an ALJ evaluates, in sequence, whether the claimant: '(1) worked during the alleged period of disability; (2) had a severe impairment; (3) had an impairment that met or equaled the requirements of a listed impairment; (4) could return to [their] past relevant work; and (5) if not, could perform any other work in the national economy.'" *Kiser v. Saul*, 821 F. App'x 211, 212 (4th Cir. 2020) (citation omitted) (quoting *Hancock v. Astrue*, 667 F.3d 470, 472 (4th Cir. 2012)).

Here, at step one, the ALJ determined that Plaintiff had "not engaged in substantial gainful activity since March 1, 2019, the alleged onset date[.]" Tr. 21. At step two, the ALJ found that Plaintiff suffered from the severe impairments of "bipolar disorder, schizoaffective disorder, post-traumatic stress [PTSD] disorder, anxiety disorder, and migraine headaches[.]" *Id.* The ALJ also determined that all of Plaintiff's other impairments, including degenerative disc disease, degenerative joint disease, obesity, substance abuse, renal cyst, bibasilar atelectasis, hyperlipidemia, hernia, Vitamin D deficiency, hematoma, urinary tract infection, and insomnia, were considered non-severe impairments. *Id.*

At step three, the ALJ determined that Plaintiff did "not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1[.]" *Id.* Despite these impairments, the ALJ determined that, "through the date last insured," Plaintiff retained the residual functional capacity ("RFC") to:

> perform a full range of work at all exertional levels but with the following nonexertional limitations: she is limited to positions that do not have lighting brighter than that found in a typical office setting. She is never to be exposed to unprotected heights. She is limited to positions that require no more than the ability to understand and carry out simple instructions and perform routine and repetitive tasks. She is limited to positions that require no more than the ability to apply commonsense understanding to carry out detailed, but uninvolved, instructions. She is limited to positions that do not require a high-quota production-rate pace (i.e., rapid assembly line work where co-workers are side-by-side and the work of one affects the work of the others). She is able to perform work activities for up to two hours at a time but must be allowed to become distracted which would cause her to be off task. However, her time off task can be accommodated within normal breaks. She is limited to positions that have no more than occasional changes in activities or work settings during the workday. She is limited to no more than occasional

*Stacie R. v. Dudek*
Civil No. 24-0474-CDA
March 28, 2025
Page 3

>changes in a routine work setting. Finally, she is limited to no more than occasional interaction with supervisors, co-workers and/or the general public.

Tr. 24. The ALJ determined that Plaintiff could not perform past relevant work but could perform other jobs that existed in significant numbers in the national economy. Tr. 34-35. Therefore, the ALJ concluded that Plaintiff was not disabled "from March 1, 2019 through" the date of the opinion. Tr. 37.

### III. LEGAL STANDARD

The scope of the Court's review is limited to determining whether substantial evidence supports the ALJ's factual findings and whether the decision was reached through the application of the correct legal standards. *See Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir. 1987). "The findings of the [ALJ] . . . as to any fact, if supported by substantial evidence, shall be conclusive . . . ." 42 U.S.C. § 405(g). Substantial evidence is "evidence which a reasoning mind would accept as sufficient to support a particular conclusion." *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966). It is "more than a mere scintilla . . . and somewhat less than a preponderance." *Id.* In conducting the "substantial evidence" inquiry, this Court's review is limited to whether the ALJ analyzed the relevant evidence and sufficiently explained their findings and rationale in crediting the evidence. *See, e.g.*, *Sterling Smokeless Coal Co. v. Akers*, 131 F.3d 438, 439–40 (4th Cir. 1997); *DeLoatche v. Heckler*, 715 F.2d 148, 150 (4th Cir. 1983) ("Judicial review of an administrative decision is impossible without an adequate explanation of that decision by the [ALJ].").

### IV. ANALYSIS

Plaintiff generally asserts that the RFC is not supported by substantial evidence. ECF 11, at 8. Plaintiff argues the ALJ's opinion lacks a narrative discussion between (1) a production-rate pace limitation and the evidence and (2) an off-task limitation and the evidence. *Id.* at 9-17. Defendant generally counters that the RFC is supported by substantial evidence. Defendant contends that the ALJ's discussion of the evidence creates a narrative bridge to the production-rate pace and off-task limitations in the RFC. ECF 13, at 7-20.

Plaintiff's arguments do not pass muster. When a claimant possesses a mental impairment, an ALJ is required to make "'a specific finding as to the degree of limitation in each of' the four areas of functional limitation listed in [20 C.F.R.] § 404.1520a(c)(3)." *Patterson v. Comm'r of Soc. Sec. Admin.*, 846 F.3d 656, 659 (4th Cir. 2017) (quoting 20 C.F.R. § 404.1520a(e)(4)). One of these four areas—concentration, persistence, and pace ("CPP")—concerns "the abilities to focus attention on activities and stay on task age-appropriately." 20 C.F.R. pt. 404, subpt. P, app. 1 § 12.00(E)(3). A "moderate" limitation in CPP means that a claimant's ability to sustain CPP "independently, appropriately, effectively, and on a sustained basis is fair." *Id.* at § 12.00(F)(2)(c). "[O]nce an ALJ has made a . . . finding that a claimant suffers from moderate difficulties in [CPP], the ALJ must either include a corresponding limitation in [their] RFC assessment, or explain why no such limitation is necessary." *Talmo v. Comm'r, Soc. Sec. Admin*, No. ELH-14-2214, 2015

WL 2395108, at *3 (D. Md. May 19, 2015) (citing *Mascio v. Colvin*, 780 F.3d 632 (4th Cir. 2015)), *report and recommendation adopted*, (D. Md. June 5, 2015).

A claimant's RFC is "the most [they] can still do despite [their] limitations." 20 C.F.R. §§ 404.1545(a)(1), 416.945(a). In assessing the RFC, an ALJ must "consider all of the claimant's 'physical and mental impairments, severe and otherwise, and determine, on a function-by-function basis, how they affect [the claimant's] ability to work.'" *Thomas v. Berryhill*, 916 F.3d 307, 311 (4th Cir. 2019) (quoting *Monroe v. Colvin*, 826 F.3d 176, 188 (4th Cir. 2016)). "'[A] proper RFC analysis' proceeds in the following order: '(1) evidence, (2) logical explanation, and (3) conclusion.'" *Dowling v. Comm'r, Soc. Sec. Admin.*, 986 F.3d 377, 388 (4th Cir. 2021) (quoting *Thomas*, 916 F.3d at 311). When performing the RFC analysis, the ALJ must provide a narrative discussion describing how the evidence supports each conclusion, citing to specific medical facts and nonmedical evidence. Social Security Ruling ("SSR") 96-8p, 1996 WL 374184 at *7 (S.S.A.); *see White v. Comm'r, Soc. Sec. Admin.*, No. SAG-16-2428, 2017 WL 1373236, at *1 (D. Md. Apr. 13, 2017) (internal citation omitted) (stating that, to satisfy the function-by-function analysis requirement, the ALJ must include a "narrative discussion of the claimant's symptoms and medical source opinions" to support the RFC determination). In doing so, an ALJ must "build an accurate and logical bridge from the evidence to his conclusion." *Petry v. Comm'r, Soc. Sec. Admin.*, No. SAG-16-464, 2017 WL 680379, at *2 (D. Md. Feb. 21, 2017) (citing *Clifford v. Apfel*, 227 F.3d 863, 872 (7th Cir. 2000)); *see also Woods v. Berryhill*, 888 F.3d 686, 694 (4th Cir. 2018) (emphasis in original and internal quotation marks omitted) ("In other words, the ALJ must *both* identify evidence that supports his conclusion *and* build an accurate logical bridge from [that] evidence to his conclusion.").

An ALJ may not account for a claimant's moderate CPP limitation by restricting the RFC to simple, routine tasks or unskilled work without explaining why such provisions adequately address the claimant's CPP limitation. *See Mascio*, 780 F.3d at 638; *Shinaberry v. Saul*, 952 F.3d 113, 121–22 (4th Cir. 2020). Nor may an ALJ accommodate a claimant's moderate CPP limitations by restricting the claimant to "work[ing] in two-hour increments with normal breaks," as such breaks are "customary even for those without limitations." *Caitrin M. v. Kijakazi*, No. BAH-22-2785, 2023 WL 5300318, at *4 (D. Md. Aug. 17, 2023) (collecting cases). On the other hand, a production-rate pace limitation addresses a claimant's moderate CPP limitation if the ALJ provides a clear explanation of the pace. *Teresa B. v. Comm'r, Soc. Sec. Admin.*, No. SAG-18-2280, 2019 WL 2503502, at *2 (D. Md. June 17, 2019); *see also Perry v. Berryhill*, 765 Fed. App'x 869, 872-73 (4th Cir. 2019) (finding that the term "non-production oriented work setting" must be defined for the court to determine whether the production-rate pace limitation addressed the plaintiff's moderate CPP limitation); *Thomas v. Berryhill*, 916 F.3d at 312-313 (finding that the terms "production rate" and "demand pace" must be defined for the court to determine whether the production-rate pace limitation addressed the plaintiff's moderate CPP limitation).

The Court has found adequate a "high-quota production-rate pace" RFC limitation where the pace is defined as "assembly line work where co-workers are side-by-side and the work of one affects the work of the others." *See, e.g., Catherine E. v. Colvin*, No. TJS-24-0265, 2024 WL 5159162, at *1, *3 (D. Md. Dec. 18, 2024); *Kevin R. v. Kijakazi*, No. 22-2985-BAH, 2023 WL

Stacie R. v. Dudek
Civil No. 24-0474-CDA
March 28, 2025
Page 5

5831182, at *4 (D. Md. Sept. 8, 2023); *Ian B. v. Kijakazi*, No. 22-2486-BAH, 2023 WL 5608005, at *3 (D. Md. Aug. 30, 2023); *Teresa B.*, 2019 WL 2503502, at *2. "[W]here an ALJ 'finds moderate limitation in CPP' and 'has included a . . . restriction to 'non-production oriented' work, *Mascio* does not require further explanation by the ALJ, at least absent some evidentiary showing by the claimant . . . that he or she cannot perform even non-production-type work because of his or her particular CPP deficits.'" *Kevin R.*, 2023 WL 5831182, at *5 (quoting *Grant v. Colvin*, No. 15-515, 2016 WL 4007606, at *9 (M.D.N.C. July 26, 2016)).

Here, the "high-quota production-rate pace" limitation adequately addresses Plaintiff's moderate CPP limitation. Like in *Catherine E.*, *Kevin R.*, *Ian B.*, and *Teresa B.*, the ALJ concluded that Plaintiff had a moderate CPP limitation and included a production-rate pace RFC limitation restricting Plaintiff to "positions that do not require a high-quota production-rate pace (i.e., rapid assembly line work where co-workers are side-by-side and the work of one affects the work of the others)." Tr. 23-24. Because the ALJ included a restriction to non-production oriented work, and Plaintiff fails to show that she cannot perform non-production-type work, the production-rate pace limitation is adequate without further explanation. *See Kevin R.*, 2023 WL 5831182, at *5 (quoting *Grant*, 2016 WL 4007606, at *9).

Moreover, an ALJ's failure to explain why a "two-hour increments with normal breaks" RFC limitation addresses a claimant's CPP limitation does not render an RFC unsupported by substantial evidence as long as the court finds that a production-rate pace limitation adequately addresses the claimant's moderate CPP limitation. *See April T. v. Kijakazi*, No. 22-2820-BAH, 2023 WL 5721719, at *3 (D. Md. Sept. 5, 2023) ("While the RFC did not adequately account for Plaintiff's moderate CPP difficulties by limiting her to working in two-hour increments or by limiting her to simple, routine, and repetitive work, the RFC did account for Plaintiff's CPP issues by precluding her from working in 'assembly line type work.'"); *Kevin R.*, 2023 WL 5831182, at *4 (finding that the RFC was supported by substantial evidence, despite no accurate and logical bridge between a "two-hour increments with normal breaks" limitation and the claimant's CPP limitation, because a "high-quota production-rate pace" RFC limitation addressed the claimant's moderate CPP limitation); *Ian B.*, 2023 WL 5608005, at *3 (same). Here, even if Defendant failed to explain why the "two-hour increments with normal breaks" RFC limitation addresses Plaintiff's moderate CPP limitation, the ALJ still included a "high-quota production-rate pace" limitation that adequately addresses Plaintiff's CPP limitation. Tr. 24.

A careful review of the ALJ's decision further shows that the ALJ provided an accurate and logical bridge between the evidence and the RFC. *See Catherine E. v. Colvin*, No. TJS-24-0265, 2024 WL 5159162, at *2 (finding that "a thorough discussion of the claimant's medical history, including the [] subjective complaints, treatment records, and medical opinions[,]" provided an accurate and logical bridge between the evidence and the RFC); *Kevin R.*, 2023 WL 5831182, at *4-5 (same); *Ian B.*, 2023 WL 5608005, at *4 (same). The ALJ concluded that Plaintiff had a moderate CPP limitation. Tr. 23. The ALJ cited Plaintiff's testimony that she had "difficulty with thinking and [] multi-tasking" but observed that Plaintiff was "repeatedly found to be alert and oriented[,] . . . in no acute [] or . . . apparent distress[,] . . . logical and relevant[, and] . . . goal-oriented" and possessed "good insight and judgment[,] . . . normal memory, normal

attention span[,] and normal concentration." Tr. 23. The ALJ further observed that Plaintiff frequently performed daily activities, such as reading a book, watching television, driving a car, taking care of a pet, preparing a meal, shopping at stores, doing laundry, playing board games, paying bills, and attending virtual appointments. Tr. 23.

The ALJ also set forth a thorough history of Plaintiff's medical history. First, the ALJ considered Plaintiff's treatment records. The ALJ noted Plaintiff's diagnoses of anxiety, bipolar disorder, post-traumatic stress disorder, and schizoaffective disorder. Tr. 25, 27-29. However, the ALJ observed that, despite her diagnoses, Plaintiff's treating physicians continuously found her to be "alert and oriented," "in no acute [or] apparent distress," "logical and relevant," and "goal-oriented," and possessed "good insight and judgment," "normal memory, normal attention span[,] and normal concentration" over a four-year period. Tr. 25-29. Second, the ALJ considered Plaintiff's subjective complaints. In addition to her diagnoses, the ALJ cited Plaintiff's testimony regarding headaches, body pain, panic attacks, nightmares, flashbacks, and suicidal thoughts. Tr. 30. The ALJ further recognized Plaintiff's testimony that her diagnoses impacted her memory, concentration, and ability to follow instructions. Tr. 30. However, the ALJ found Plaintiff's subjective complaints inconsistent with her treating physicians' reports. Tr. 30-33. Notably, after lengthy discussion of Plaintiff's subjective complaints, the ALJ stated that "the potential restrictions from [Plaintiff]'s mental impairments have been accounted for in the above noted [RFC]." Tr. 33. Finally, the ALJ considered the available medical opinions. As to a state agency consultant's opinion, the ALJ found persuasive the consultant's conclusion that Plaintiff had a moderate CPP limitation but concluded that Plaintiff was "less limited . . . regarding her ability to complete a normal workday . . . without interruptions from psychologically based symptoms." Tr. 33-34. As to Plaintiff's treating psychologist's opinion, the ALJ considered the psychologist's observations but found the opinion unpersuasive because it was solely based on Plaintiff's subjective complaints. Tr. 34. As to a nurse practitioner's opinion, the ALJ recognized the practitioner's belief that Plaintiff "had numerous marked and extreme limitations in multiple areas" but determined that the opinion was inconsistent with Plaintiff's treating physicians' reports. Tr. 34-35.

\* \* \*

The Court has no issue finding that the RFC is supported by substantial evidence here. Because the RFC is supported by substantial evidence, I am able to meaningfully review the ALJ's decision. *See Kevin R.*, 2023 WL 5831182, at \*4; *Ian B.*, 2023 WL 5608005, at \*4. Disagreement with an ALJ's conclusion, where such conclusion is based on substantial evidence, is not enough for a claimant to prevail. *See Laws*, 368 F.2d at 642. Accordingly, remand is unwarranted, and the SSA's judgment will stand.

*Stacie R. v. Dudek*
Civil No. 24-0474-CDA
March 28, 2025
Page 7

## V. CONCLUSION

For the reasons set forth herein, the SSA's judgment is AFFIRMED. The Clerk is directed to CLOSE this case.

Despite the informal nature of this letter, it should be flagged as a Memorandum Opinion. A separate implementing Order follows.

Sincerely,

/s/

Charles D. Austin
United States Magistrate Judge