## UNITED STATES DISTRICT COURT
## DISTRICT OF MARYLAND

CHAMBERS OF
**CHARLES D. AUSTIN**
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7810
MDD_CDAChambers@mdd.uscourts.gov

July 9, 2026

LETTER TO ALL COUNSEL OF RECORD

Re:     *Stacie R. v. Frank Bisignano, Commissioner, Social Security Administration*[1]
        Civil No. 24-00474-CDA

Dear Counsel:

Pursuant to Local Rule 105.10, Plaintiff Stacie R. ("Plaintiff") filed a Motion to Reconsider (the "Motion") the Court's March 28, 2025 Memorandum Opinion and Order (the "March 28, 2025 Decision"), which affirmed the Social Security Administration's ("SSA's" or "Commissioner's" or "Defendant's") decision and closed this case. ECF 19. Defendant did not file an opposition. I find that no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2025). For the reasons explained below, the Court will DENY the Motion.

### I.    LEGAL STANDARD

The Court's review of an ALJ's decision is limited to determining whether substantial evidence supports the ALJ's findings, *see* 42 U.S.C. § 405(g), and whether the ALJ properly applied the relevant legal standards, *see Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir. 1987). When deciding whether to reconsider a judgment under Local Rule 105.10, the Court uses the standard relevant to motions for reconsideration brought under Federal Rule of Civil Procedure 59(e). *See Crocetti v. Comm'r, Soc. Sec. Admin.*, No. SAG-17-1122, 2018 WL 3973074, at *1 (D. Md. Aug. 1, 2018). Under Rule 59(e), the Court may alter or amend a prior decision if: (1) there has been an intervening change of controlling law; (2) new evidence has become available; or (3) "there has been a clear error of law or a manifest injustice." *Robinson v. Wix Filtration Corp. LLC*, 599 F.3d 403, 407 (4th Cir. 2010). "The grounds for reconsideration are purposefully narrow to prevent the motion from being used to ask the Court to rethink what the Court had already thought through—rightly or wrongly." *Crocetti*, 2018 WL 3973074, at *1 (internal citation omitted). "Rule 59(e) motions may not be used, however, to raise arguments which could have been raised prior to the issuance of the judgment, nor may they be used to argue a case under a novel legal theory that the party had the ability to address in the first instance." *Pac. Ins. Co. v.*

---

[1] Plaintiff filed this case against Martin O'Malley, the Acting Commissioner of Social Security, on February 19, 2024. ECF 1. Frank Bisignano became the Commissioner of Social Security on May 7, 2025. Accordingly, Commissioner Bisignano has been substituted as this case's Defendant pursuant to Federal Rule of Civil Procedure 25(d). *See* Fed. R. Civ. P. 25(d).

*Stacie R. v. Bisignano*
Civil No. 24-0474-CDA
July 9, 2026
Page 2

*Am. Nat'l Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998) (collecting cases).

## II.    ANALYSIS

By and large, Plaintiff's primary contention is that the Court committed clear legal error in affirming the ALJ's decision without properly considering her argument that the ALJ contravened Social Security Ruling ("SSR") 96-8p.  Plaintiff argued that the ALJ erred by failing to include a narrative discussion related specifically to the limitation that Plaintiff "is able to perform work activities for up to two hours at a time but must be allowed to become distracted which would cause her to be off task.  However, her time off task can be accommodated within normal breaks." ECF 19, at 2 (quoting Tr. 24).  Plaintiff contends that the Court in its March 28, 2025 Decision did not address her "argument under SSR 96-8p, never acknowledge[d] the material evidence cited to in [her] brief that specifically relates to off-task behavior, and never acknowledge[d] the fact that Defendant failed to dispute [her] argument regarding the off-task limitation." *Id.*, at 7.  According to Plaintiff, this amounts to a manifest error of law and fact demanding that the Court reverse its decision and remand the case to the Commission.  *Id.*  Plaintiff is wrong.

As explained in the March 28, 2025 Decision, "an ALJ's failure to explain why a two-hour increments with normal breaks RFC limitation addresses a claimant's CPP limitation does not render an RFC unsupported by substantial evidence as long as the court finds that a production-rate pace limitation adequately addresses the claimant's moderate CPP limitation."  March 28, 2025 Decision, at 5.  The Court acknowledged Plaintiff's argument in its entirety and found that the ALJ's narrative discussion did relate to how the ALJ determined that the off-task limit was warranted and incorporated into the RFC.  *See id.* at 5-6 ("A careful review of the ALJ's decision further shows that the ALJ provided an accurate and logical bridge between the evidence and the RFC. . . . Notably, after lengthy discussion of Plaintiff's subjective complaints, the ALJ stated that the 'potential restrictions from [Plaintiff]'s mental impairments have been accounted for in the above noted [RFC].'").  The Court also addressed Defendant's failure to dispute Plaintiff's argument regarding the off-task limitation.  *See id.* at 5 ("even if Defendant failed to explain why the 'two-hour increments with normal breaks' RFC limitation addresses Plaintiff's moderate CPP limitation, the ALJ still included a 'high-quota production-rate pace' limitation that adequately addresses Plaintiff's CPP limitation.").

Plaintiff insists that the ALJ did not adequately explain the specific off-task limitation. ECF 19, at 6.  She contends that in *Kevin R. v. Kijakazi*, No. 22-2985-BAH, 2023 WL 5831182, at *4 n.5 (D. Md. Sept. 8, 2023), the court acknowledged that remand was ordered in other cases because the ALJ assigned a particular percentage of time off-task but failed to explain how the figure was reached.  She argues that the cases distinguished in *Kevin R.* are analogous to her case because the ALJ here committed a similar error in not explaining their reasoning behind the off-task limitation.  ECF 19, at 6. Plaintiff is correct that *Kevin R.* acknowledged this distinction; however, Plaintiff fails to recognize that the permissible off-task limitation in *Kevin R.* is identical to the one she contests in this case.  As the Court previously explained in denying Plaintiff's appeal,

> the "high-quota production-rate pace" limitation adequately addresses Plaintiff's
> moderate CPP limitation.  Like in *Catherine E.*, *Kevin R.*, *Ian B.*, and *Teresa B.*, the

*Stacie R. v. Bisignano*
Civil No. 24-0474-CDA
July 9, 2026
Page 3

ALJ concluded that Plaintiff had a moderate CPP limitation and included a production-rate pace RFC limitation restricting Plaintiff to "positions that do not require a high-quota production-rate pace (i.e., rapid assembly line work where co-workers are side-by-side and the work of one affects the work of the others)." Tr. 23-24.  Because the ALJ included a restriction to non-production oriented work, and Plaintiff fails to show that she cannot perform non-production-type work, the production-rate pace limitation is adequate without further explanation.  *See Kevin R.*, 2023 WL 5831182, at *5 (quoting *Grant* [*v. Colvin*, No. 15-0515, 2016 WL 4007606, at *9 (M.D.N.C. July 26, 2016)]).

March 28, 2025 Decision, at 5.

Even if the ALJ failed to comply with SSR 96-8p, Plaintiff must still demonstrate that such error was not harmless.  *David C.*, 2025 WL 2172675, at *4 ("In reviewing SSA decisions, the Court applies a harmless-error standard." (citing *Patterson v. Comm'r of Soc. Sec. Admin.*, 846 F.3d 656, 658 (4th Cir. 2017))).  Specifically, "where an ALJ 'finds moderate limitation in CPP' and 'has included a . . . restriction to non-production oriented work, *Mascio* does not require further explanation by the ALJ, at least absent some evidentiary showing by the claimant . . . that he or she cannot perform even non-production-type work because of his or her particular CPP deficits.'" *Michelle W.*, 2024 WL 3925065, at *3 (quoting *Grant* 2016 WL 4007606, at *9).  The ALJ here prescribed an RFC limitation that adequately accounted for Plaintiff's moderate CPP limitation.  *See* Tr. 24; *see, e.g., April T. v. Kijakazi*, No. 22-2820-BAH, 2023 WL 5721719, at *3 (D. Md. Sept. 5, 2023) ("While the RFC did not adequately account for Plaintiff's moderate CPP difficulties by limiting her to working in two-hour increments or by limiting her to simple, routine, and repetitive work, the RFC did account for Plaintiff's CPP issues by precluding her from working in 'assembly line type work.'"); *Kevin R.*, 2023 WL 5831182, at *4 (finding that the RFC was supported by substantial evidence, despite no accurate and logical bridge between a "two-hour increments with normal breaks" limitation and the claimant's CPP limitation, because a "high-quota production-rate pace" RFC limitation addressed the claimant's moderate CPP limitation)

Therefore, to allege that the inclusion of a production rate limitation without a proper narrative discussion constituted harmful error, Plaintiff must show that she is unable to perform the RFC because of her moderate CPP limitation.  She does not do that.  *See* ECF 19, at 2-8.  Instead, Plaintiff broadly asserts that "rather than tying [the off-task provision] specifics to concrete medical or vocational evidence through a narrative explanation, the ALJ merely announced the limitation." *Id.*, at 7.  This statement, without more, does not amount to a sufficient "evidentiary showing . . . that [Plaintiff] cannot perform even non-production-type work because of [her moderate CPP limitation].'" *Grant*, 2016 WL 4007606, at *9.  *Mascio*, therefore, does not require that the ALJ further explain the production rate limitation.  Moreover, Plaintiff fails to identify any RFC provision that the ALJ should have included in lieu of the production rate limitation and fails to explain how a more detailed explanation of the ALJ's decision to include the limitation might change the outcome of this case.  *See Estelle G. v. Dudek*, No. 24-0012-CDA, 2025 WL 923411, at *4 (Mar. 26, 2025).  Accordingly, the Court finds that it did not err when it affirmed the ALJ's decision.

*Stacie R. v. Bisignano*
Civil No. 24-0474-CDA
July 9, 2026
Page 4

### III.   <u>CONCLUSION</u>

For the foregoing reasons, Plaintiff's Motion to Reconsider, ECF 19, is DENIED.  Despite the informal nature of this letter, it should be flagged as a Memorandum Opinion and docketed as an Order.

Sincerely,

/s/

Charles D. Austin
United States Magistrate Judge